KEMP ET AL VS JENNINGS.

Opinion delivered October 5, 1901.

1. *Pleading—Inconsistent Defenses.*

In an action brought by a citizen of the Chickasaw Nation to recover possession of leased lands upon which the defendant had erected improvements, allegations in the answer that defendant was entitled to purchase said lot by reason of his improvements under Act of Cong. June 28, 1898, held to be inconsistent with other allegations showing

the defendant to be in possession as the assignee of the rights of a tenant of the plaintiff.

2. *Pleading—Conclusions of Law—Inconsistent Defenses.*

In an action by a Chickasaw citizen to recover possession of leased Indian lands, the improvements upon which were owned by defendant, allegations in the answer that it was unlawful for him, under the provisions of the Curtis Bill prohibiting citizens from receiving rents from Indian lands, to pay any rent to plaintiff and that he was advised by his attorneys that it was unlawful, are mere conclusions of law and inconsistent with other allegations admitting his tenancy.

3. *Indian Lands—Rental Contract—Effect of.*

A contract between a Chickasaw citizen and a non-citizen provided that at the end of the year if the yearly rental was tendered and not accepted by the plaintiff landlord, the plaintiff should purchase all improvements on the land, or renew the lease for another year and if not tendered then defendant could remove such improvements. *Held,* that no demand for payment or tender of the rent was necessary on part of plaintiff and that unless this tender and demand for renewal of the contract was made by tenant, then his right of possession was terminated.

4. *Indian Lands—Rental Contract—Tender of Rental—When Too Late.*

In a contract for occupancy of Indian lands it was provided that at expiration of the year, the owner must purchase tenant's improvements or renew the lease for another year, upon tender of the yearly rental. No such tender was made at that time. *Held,* that subsequent tenders were too late, the tenant's rights to possession being already fully terminated, and a tender into court of the rentals found to be due by a jury, with the costs, would not entitle defendants to retain possession of the lands.

Appeal from the United States Court for the Southern District.

Hosea Townsend, Judge.

Action by Mrs. H. L. Jennings against J. S. Kemp and others. Judgment in favor of plaintiff. Defendants appeal. Affirmed.

(6)

Plaintiff below (appellee here) brought an action of unlawful detainer against the defendants below (appellants here), to recover the possession of a house and lot in the town of Wynnewood, Ind. T., after refusal to pay rent, and after demand for possession of said lot, and for damages at the rate of $50 per annum for the time of unlawful detention. The complaint and exhibit show that on the 18th day of July, 1897, the plaintiff, Mrs. H. L. Jennings, was a citizen and member of the Chickasaw nation or tribe of Indians by blood, and that she was in the peaceable or lawful possession of the lot, tract, or parcel of land in said town sued for; that on said 18th day of July, 1897, the plaintiff entered into a written rental contract with the defendant J. S. Kemp, which contract, among other things, contained the following:

"That said H. L. Jennings hereby agrees to purchase the improvements placed on said lot of land at the expiration of one year from date hereof at their full and enhanced value, or upon failure to so purchase said improvements, she shall rent to the said J. S. Kemp, or his assignee, the above described lot or parcel of land for another year at the same rental, but upon said H. L. Jennings refusing to accept the rent therefor, then the said H. L. Jennings shall purchase all improvements put upon said lot at their full enhanced value, provided that said yearly rental is tendered at the expiration of this contract, and if not so tendered, improvements to be removed and possession of said lot given up to H. L. Jennings or assigns."

To this complaint the defendant, Joe Finley, filed his answer, denying that plaintiff was in possession of the property sued for on the 18th day of July, 1897, and denying that the rental value of said property is fifty dollars per year, and alleging that the same did not exceed the sum of twenty dollars, and denying that he unlawfully or wrongfully or forcibly detains from plaintiff the possession of the property in controversy.

In the second paragraph of said answer, said defendant alleged that it was part of the contract between said plaintiff and Kemp that the plaintiff was never to resume possession of said property, but that the said Kemp was to keep the same under a continuing lease so long as land tenures in the Indian Territory remained as they were at the time of the execution of the contract in 1896, and alleging that the defendant, on the 18th day of July, 1896, entered into a written contract with the plaintiff, in form and words similar to the contract filed with the plaintiff's complaint, with certain exceptions, and that the defendant, Kemp, was not informed that there had been any change in the form of the contract when he executed the second contract in 1897, and that the words added to the contract in 1897 were put there either by the oversight, accident or fraud of the plaintiff, and that the defendant was not bound by its terms.

The third paragraph of the answer alleges that Kemp, on the 18th day of July, 1898, was the owner of a substantial improvement on the lot, describing it as being a picture gallery, 12x24 feet in dimensions, and that shortly after July, 1898, the defendant, Finley, purchased of said Kemp said improvement and Kemp's right of possession to said lot, paying him therefore, the sum of $370.00, and that defendant, Finley, in August, 1898, moved upon said lot, and has ever since maintained upon the same and now owns on the same a business house 18x30 feet in dimensions, reasonably worth $500.

The fourth paragraph alleges that the plaintiff failed and refused to purchase of Kemp, on the 18th day of July, 1898, the improvements he had put upon said lot, and has ever since failed and refused to purchase of the defendant, Finley or Kemp, any of the improvements thereon.

The fifth paragraph states that the defendant, Kemp, on the 18th day of July, 1898, offered to renew the rental contract, but that plaintiff failed and refused to do so.

The sixth paragraph states that the defendant, at different times, has tendered to plaintiff all rents that were in arrears on said lot, and plaintiff has refused to accept the same.

The seventh paragraph states that defendant now brings into court the sum of $103.20, which is the full amount of costs and rents which have accrued, and will accrue upon said lot until the 18th day of July, 1901, and prays that further proceedings in this case be suspended.

The eighth paragraph states that under and by virtue of an Act of Congress of June 28th, 1898, known as the Curtis Act, the defendant, Finley, being the owner of the improvements upon said lot, was and still is, entitled to purchase a fee simple title to said lot from the Chickasaw tribe of Indians when said lot can be appraised under the provisions of said act of Congress.

The ninth paragraph states that the plaintiff refused to accept any rent upon said lot, or a renewal of said contract.

The tenth paragraph states that the defendant has been advised by counsel that it was and still is unlawful for him to pay any rent to the said plaintiff for said lot.

The complaint in this case was filed March 21st, 1900. The answer was filed December 13, 1900, and on said last date the plaintiff filed demurrers to said amended answer, and thereafter filed special demurrers, setting out in ten several paragraphs grounds for demurrer to the ten several paragraphs of defendant's said answer; that said demurrers were overruled by the court, except that the special demurrers to paragraphs eight and ten of the answer were sustained. And on said 15th day of December, the defendant filed a motion in said cause, and deposited with the Clerk of Court the sum of $118.00, which was alleged to be all costs then accrued, and all the rents then due upon the lot sued for, and asked that the court suspend further

the defendant then filed a motion to suspend further proceedings, which motion is as follows: "No. 540. H. L. Jennings, plaintiff, vs J. S. Kemp, et al. Defendants. Motion to suspend further proceedings. Comes now the defendants and state to the court that on the 14th day of December, 1900, and before the verdict in this cause, they brought into court and deposited with the Clerk of this court, the sum of $118.20, which was all the costs that had then accrued in the cause, and all the rents that were then due upon the lot sued for, and asked the court to suspend further proceedings in this cause, and the defendants now state that all the costs that heretofore accrued in this cause amount to the sum of only $43.20, and that the verdict of the jury shows that the rents due upon the lot sued for until the 18th day of July, 1901, amount to $60.00; and now before the action of the court upon the motion for a new trial and before judgment rendered herein, the defendant brings into court said money, which is the rent now due and all the costs incurred, and ask that the same be held subject to the order of this court, and that all further proceedings in this cause be suspended."

*A. C. Cruce* and *C. G. Kean*, attorneys for defendants."

Now comes J. S. Kemp, and states upon oath that the statements made in the foregoing motion are true.

J. S. KEMP,

Subscribed and sworn to before me, this 15th day of December, 1900.

C. M. CAMPBELL, Clerk.     By J. T. FLEMING, D. C."

That thereupon the court ordered that writ of restitution be suspended for sixty days. The defendants filed their motion for a new trial in the case, which was presented to and overruled by the court and judgment was then rendered by the court upon . the verdict in favor of the plaintiff and against the defendants for the possession of the premises, and sixty dollars damages, and for the costs. Defendants then prosecuted their appeal to this court, and ask for a reversal of the judgment of the court below.

*Cruce, Cruce & Cruce* and *C. G. Kean*, attorneys for appel- . lants.

*O. W. Patchell* and *F. L. Robinson*, attorneys for appellee.

GILL, J. Appellant assigns as error, first, that the court erred in sustaining the plaintiff's demurrer to paragraphs eight and ten of defendant's answer. We do not think this contention is good. Paragraph eight of said answer reads as follows:

"This defendant further states that under and by virtue of the Act of Congress of June 28, 1898, known as the "Curtis Bill,' this defendant, being the owner of improvements upon said lot, was, and still is, entitled to purchase a fee simple title to said lot from the Chickasaw Tribe of Indians, as soon as the said lot can be appraised under the provisions of said Act of Congress. That said lot is situated in the town of Wyneewood, which has three thousand inhabitants, and prior to the institution of this suit, had been duly incorporated by the order of this court."

This paragraph pleads a conclusion of law, and is inconsistent with the other defenses interposed by defendant in this answer. Paragraph two of said answer shows that Kemp, from whom Finley acquired the possession of the premises, was the

tenant of the plaintiff.    Finley could not acquire from Kemp any more rights than Kemp had in and to this property.    Kemp being a non-citizen could acquire no right to hold this property, except through some citizen landlord.    The plaintiff, by written agreement with Kemp, was acknowledged as Kemp's landlord. Whatever Finley took or acquired from Kemp was subject to and incident to Kemp's relation as tenant of the plaintiff in and to this property and the court very properly held that paragraph eight offered no defense whatever as against the landlord of Kemp.

In like manner, paragraph ten is a legal conclusion, and offers no defense and the demurrer thereto was properly sustained.

The second assignment of error is that the court erred in refusing to instruct the jury to return a verdict for defendants. The evidence in this case shows that the defendant, Kemp, undertook to dispose of the title to said lot in contravention of his landlord's title, and that the defendant, Finley, was holding adversely to the plaintiff's title, if at all.    The relation of landlord and tenant having been shown and the tenants undertaking to hold in contravention of their landlord, the court properly refused to instruct the jury to return a verdict for defendants, even though defendants had made the tender referred to in the motions and in the evidence.

The third assignment of error is that the court erred in refusing to instruct the jury, as requested by defendants, that if there was an option in the contract to renew at the end of the first year, then it was incumbent upon the plaintiff to demand the rental for the second year before she could declare the contract was at an end. Under the evidence in the case the contract between the plaintiff and defendant was introduced, which contract reads as follows:

"But upon the said H. L. Jennings refusing to accept the rent therefore, then the said H. L. Jennings shall purchase all improvements put upon said lot at their enhanced value at the expiration of this contract, provided that said yearly rental is tendered at the expiration of this contract, and if not tendered, improvements are to be removed and possession of said lot given up to H. L. Jennings, or assigns. The contract was to expire by its own terms on July 18, 1898, and it is clearly provided therein that the yearly rental therefor is to be tendered at the expiration of the contract, and if not so tendered, the improvements are to be removed and possession of said lot given up to H. L. Jennings or assigns." Under this contract it became the duty of the defendant, Kemp, to go at the expiration of the contract and tender to the plaintiff the rental for said land, and upon his failure to do so, he then had the right to remove the improvements he had at the time on the premises, and possession should be given to the plaintiff. If he failed to keep his part of the contract, he would have no right subsequently to make any tender. His right to the possession of the land expired by express terms on July 18, 1898, and all the rights he had therein from that date were the rights to remove whatever improvements he had on the premises within a reasonable time thereafter. It was not incumbent under the contract upon the plaintiff to demand any rental. The contract by its terms expired when the defendant failed to make the tender on the day of its expiration; and the court properly refused to instruct the jury that it was incumbent upon the plaintiff to demand rental for the second year before she could declare the contract at an end.

Defendant's fourth assignment of error reads as follows:

"The court erred in instructing the jury as requested by the p'aintiff that it was incumbent upon defendants to demand a

renewal of the contract, and that its failure at the end of the first year to demand a renewal and pay rent for the ensuing year would work a forfeiture of the contract." For the reasons given as to the third assignment of error heretofore, this fourth assignment is not well taken. It was the duty of the court to instruct the jury that it was incumbent upon the defendant to ask for a renewal of the contract and to tender the annual rental, and such failure on the part of the defendant to do so, worked a forfeiture of any rights of the defendant under said contract in said premises, except merely the right of removal of his improvements within a reasonable time.

The fifth assignment of error is that the court erred in refusing to suspend proceedings after the defendant had paid into court before judgment, the entire amount of accrued costs and rents. There was no error in the action of the court in this regard. The defendant, having no rights whatever in the premises, was bound to restore these premises to the plaintiff upon demand, and the fact that the defendants brought sums of money into court would give them no rights whatever to retain said premises.

The sixth assignment is that the court erred in refusing to grant these defendants a new trial; and the court, having committed no error in the trial, properly refused to give defendants a new trial; and the decision of the lower court must stand as proper in every particular, and the same is, therefore, by this court. Affirmed.