## Fraer vs Washington.

### Opinion delivered September 25, 1902.

1. *Indian Lands—Unlawful Detainer—Landlord and Tenant.*

A contract was made by an Indian citizen leasing to a citizen of the United States a certain lot and providing for the payment by the landlord to the tenant at the expiration of the term of the value of the improvements placed thereon by the tenant. *Held,* that the lessor, at end of the term and upon tender of the value of improvements could maintain an action of unlawful detainer recover possession of the lot.

Appeal from the United States Court for the Southern District.

Hosea Townsend, Judge.

Action for unlawful detainer by J. C. Washington against James Fraer.  Judgment in favor of plaintiff.  Defendant appeals.  Affirmed.

On January 1, 1898, Washington and Fraer entered into the following contract with reference to a certain lot described therein, namely:  "Chickasaw Nation, Indian Territory, Pickens County.  'Know all men by these presents, that I, Jerry Washington, a resident of the nation and county aforesaid, for and in consideration of the sum of twenty-five dollars, the receipt of which is hereby acknowledged, have this day let and rented unto James Fraer for a period of twelve months beginning the first day of January, 1898, and ending the last day of December, 1898, the following described tract, lot, or parcel of land, to wit, fifty feet on lot seven and ten feet on lot eight on block twenty-nine, in the city of Marietta.  It occupied by his furniture store.  To have and to hold, occupy, and possess same until said twelve months expires.  And said James Fraer may sell and dispose of his entire term, or any part thereof, to any person, except citizens of the Five Civilized Nations of Indians, together with improvements he may have thereon; but at the expiration of said twelve months the possession of said property shall be delivered to said Washington upon his paying or satisfying said James Fraer or his assignees for all improvements put thereon while the same was so rented to said James Fraer.  The said James Fraer shall have the privilege to lease said lot for the next year.  Witness our hand, and executed in duplicate, this first day of January, 1898.  (Signed) J. C. Washington.  James Fraer."  Fraer entered the premises described in said contract thereunder, and took possession thereof, and erected improvements, in connection with other parties, of the value of $800 or less, and was in possession thereof on June 28, 1898, when the act of congress known as the "Curtis Law' went into effect.  In January, 1899, and after the expiration of the term of contract, Washington went to Fraer, and tendered

him the sum of $800 for said improvements, and demanded back
the possession of the property.   That Fraer refused to deliver
such possession, and refused to pay rent for said premises, claim-
ing that under the Curtis bill and the Atoka agreement he was
the owner of the improvements upon the premises, and as such
was alone entitled to purchase the lot when the same should be
sold.   Thereafter Washington began his suit in the Southern
District of the Indian Territory, at Ardmore, to recóver the pos-
session of said lot, in which suit he filed a complaint alleging the
letting of the premises under the terms of the lease above men-
tioned, and the refusal of Fraer to re-rent the property from the
plaintiff, and the ascertainment of the value of Fraer's improve-
ment as being $700, and his offer and tender to Fraer of the sum
of $800 in payment of said improvements, and the tender of the
amount into court, and the giving to Fraer of written notice to
vacate said premises, and his refusal so to do, and demanding
judgment for the possession thereof and for damages.   There-
after Fraer filed two demurrers to said complaint, which were
overruled by the court.   Fraer then filed his answer to said com-
plaint, admitting that the plaintiff was a Chickasaw Indian, and
that he (Fraer) was not; and further admitting that he did enter
into a rental contract in January, 1898, for the year 1898, for the
premises described in the complaint, but denying that the plain-
tiff was the owner of the property, and alleging the title to said
property to be in the Choctaw and Chickasaw Nations, and deny-
ing that the said Washington had ever demanded of Fraer the
agreed or any other rental for the year 1899, and alleging that the
improvements on said premises were reasonably worth the sum of
$800, and praying judgment for costs.   Thereafter said Fraer
moved for a transfer of said cause to the equity docket, which
motion was refused by the court, and thereafter said Fraer filed a
motion to abate the plaintiff's action, and offering to deposit in
open court the sum of $95,—more than the amount of the rental
value of the said premises for the year 1899,—which motion was

by the court overruled; and thereafter the said Fraer moved for judgment upon the pleadings, which said motion was refused and overruled by the court; and thereafter said cause was tried to a jury. Evidence was adduced in behalf of the parties, and the jury, after being instructed by the court, found a verdict in favor of the said Washington, as plaintiff, for the possession of the property, and adjudged the $800 tender of said Washington to the defendant. Judgment was entered up upon said judgment by the court awarding the possession of the property to said Washington, and that the $800 deposited be delivered to the defendant, Fraer. To each of these matters the defendant took due, timely, and proper exception. Defendant then filed his motion for a new trial, setting up 15 several grounds therefor.

*C. L. Herbert* and *H. M. Cannon*, for appellant.

*Potter & Potter*, for appellee.

GILL, C. J. In the appellant's brief the errors assigned are found in the motion for a new trial. We have carefully read the evidence in this case, and followed, step by step, the action of the court in the trial of this case, and are satisfied that there is no error. Appellant states that there were but two questions presented in all of these assignments, and, for the purpose of presenting the case, considers them together, and we will follow this method in considering the case.

Appellant says: "The main question, therefore, presented is, can an Indian landlord, who does not own improvements upon a town lot in the Chickasaw Nation, but who has simply rented a vacant lot, upon which the renter has erected permanent and valuable improvements, sue for and recover possession in unlawful detainer of the lot and improvements, regardless of the vested right of the owner under the Atoka treaty to purchase?" At the incipiency of the contract between the landlord and tenant as to town lots in the Chickasaw Nation

between a noncitizen and a citizen of that nation, the citizen alone, under the law, would have the right to hold possession of such lot. If a noncitizen should go into possession of property, such as a town lot, without in some way holding the same, he would have no rights whatever which the courts would be bound to recognize. In the case at bar, Fraer, being a noncitizen, could acquire possession of the lot in question only through Washington who was a citizen. This he recognized, and in so doing took possession of this lot as Washington's tenant. Before he could dispute Washington's right to repossess himself of these premises, Washington's right to the premises must have fully expired. This right was governed by the contract heretofore set out, and Fraer voluntarily agreed therein to give possession of said lot; not merely to pay rent to Washington, as his landlord, for the lot, but to redeliver said lot to Washington's possession upon the payment to him of the value of his improvements thereon. The question presented is altogether different from one where the ultimate disposition of the property is not controlled by the contract. As to what might be the court's position upon such proposition, it is unnecessary to say; but as to the case at bar we are convinced that it was in contemplation of the parties at the time of the giving possession of these premises to Fraer that both parties expected that Washington should be restored to the possession of this property. It was not Washington's duty to demand of Fraer that he re-rent the property for the year 1899, although there is some evidence in the case that he did offer to re-rent the property. Washington had the privilege, under his contract with Fraer, to pay Fraer for the improvements made upon the lot, and to repossess himself thereof. This he endeavored to do, and tendered to Fraer the value of the amount of the improvements on said lot at the expiration of the first year of lease. In our opinion, this was all that he was obliged to do. It was then Fraer's duty to accept the value of the improvements, and to deliver over to the posses-

sion of Washington the lot held by him as Washington's tenant. Kemp vs Jennings, p.—— herein (64 S. W. 616); Ellis vs Fitzpatrick, 3 Ind. Ter. Rep. 656 (64 S. W. 567).

We think that the decision of this one question settles each and every question in dispute in this case. The verdict of the jury, in our opinion, and the judgment of the court below, in this particular case, was proper, and the only verdict and judgment permissible under the law. The judgment of the lower court is therefore, by this court, affirmed.